UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sammie Louis Stokes, ) | C/A No.: 1:16-mc-00073-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER GRANTING MOTION TO** |
| ) | **STAY EXECUTION** |
| Bryan P. Stirling, Director, South Carolina ) | |
| Department of Corrections; and Joseph ) | |
| McFadden, Warden, Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, Sammie Louis Stokes, is an indigent prisoner under sentence of death and is scheduled to be executed April 1, 2016. This matter is before the Court on Petitioner's [ECF No. 1] motion for stay of execution and motion to appoint counsel. Also pending is Petitioner's [ECF No. 2] motion for leave to proceed in forma pauperis. Respondents filed a response to the pending motions on March 13, 2016. Respondents have indicated that they have no objection to a stay of execution of ninety (90) days pursuant to the provisions of 28 U.S.C. § 2251(a)(3) or appointment of proper counsel.

The Clerk of Court shall list the parties on the docket as they are listed in the caption of this order. Specifically, the Clerk of Court shall add "Joseph McFadden, Warden of Lieber Correctional Institution" as a Respondent because a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Additionally, in their response, Respondents indicated that Petitioner's motion incorrectly names William R. Byars as Respondent and that Bryan P. Stirling is the current director of the South Carolina Department of Corrections.

The procedural history is adequately set forth in Respondents' response to Petitioner's

motions. On March 7, 2016, the Clerk of the South Carolina Supreme Court issued the "Execution Notice," pursuant to S.C. Code Ann. § 17-25-370, which sets the date of execution as April 1, 2016.

A stay of execution for a sentence of death imposed by a court of a state is governed by 28 U.S.C. § 2251(a)(1) and (a)(3). *See Gray v. Kelly*, 131 S. Ct. 2956 (2011) (citing 28 U.S.C. § 2251(a)(3)); *McFarland v. Scott*, 512 U.S. 849 (1994); *Powell v. Kelly*, 492 F. Supp. 2d 552, 556–57 (E.D. Va. 2007) (applying 28 U.S.C. § 2251(a)(3)); Donald E. Wilkes, Jr., Federal Postconviction Remedies Handbook § 7:20 (May 2013) (explaining that the Patriot Act amended 28 U.S.C. § 2251 to expressly ratify the holding in *McFarland*). "The federal habeas corpus statute grants any federal judge 'before whom a habeas corpus proceeding is pending' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.'" *McFarland*, 512 U.S. at 857 (citing 28 U.S.C. § 2251) (emphasis in original). When a capital defendant invokes his or her right to counsel under 28 U.S.C. § 2251, a federal court has jurisdiction to issue a stay of execution. *See* 28 U.S.C. § 2251(a)(3); *McFarland*, 512 U.S. at 858 ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution").

Petitioner seeks the appointment of Diana L. Holt, Esq. and Marta K. Kahn, Esq. to represent him in the preparation and filing of a timely petition for habeas relief. Because Petitioner has invoked his right to appointed counsel, this "court . . . has jurisdiction under § 2251 to enter a stay of execution." *McFarland*, 512 U.S. at 858; *see also* 28 U.S.C. § 2251(a)(3).

The Court finds that Petitioner should be granted a stay of execution. Pursuant to 28 U.S.C. § 2251(a)(3), the stay shall terminate not later than ninety (90) days from the date counsel is appointed. Further, within the ninety (90) day stay of execution, Petitioner shall file the habeas

petition. Additionally, prior to the expiration of the ninety (90) day stay of execution, Petitioner must seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1) in order to allow this Court to rule on the merits of the habeas petition. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996)("If the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot.").

Accordingly, this Court orders the following:

(1) Petitioner's motion for stay of execution is granted. The stay shall expire ninety (90) days from the date counsel is appointed pursuant to 28 U.S.C. § 2251(a)(3);

(2) Within the ninety (90) day stay of execution, Petitioner is required to file the habeas petition;

(3) Prior to the expiration of the ninety (90) day stay of execution, Petitioner is required to seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1) in order to allow this Court to rule on the merits of the habeas petition;

(4) An order appointing counsel and ruling on the motion for leave to proceed in forma pauperis will issue separately;

(5) The Clerk of Court shall assign a civil action number to this case and list the parties on the docket as they are listed in the caption of this order;

(6) The Clerk of Court shall notify the undersigned to review the stay of execution twenty (20) days prior to the expiration of the ninety (90) day stay of execution; and

(7) This matter is referred to the assigned United States Magistrate Judge for preliminary proceedings.

(signature page to follow)

IT IS SO ORDERED.

March 16, 2016                                              s/ R. Bryan Harwell
Florence, South Carolina                                  R. Bryan Harwell
                                                                         United States District Judge